2009 AUG 17 PM 1:20

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

TERRY J. HARRIS, )
)
    Plaintiff, )
)
v. ) CIVIL ACTION NO.: CV508-029
)
MICHAEL J. ASTRUE, )
Commissioner of Social Security, )
)
    Defendant. )

## ORDER

After an independent review of the record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In his Objections, Plaintiff contends that the Magistrate Judge erred by finding that the opinion of his treating physician, Dr. Satish Goel, was properly discounted by the Administrative Law Judge ("ALJ"). Plaintiff further contends that the Magistrate Judge fails to mention that much of the evidence provided by Dr. Goel is not addressed by the ALJ in his decision. (Doc. No. 17, p. 1). Plaintiff asserts that the ALJ only discounted Dr. Goel's opinion that he was "permanently disabled". Plaintiff further asserts that discounting Dr. Goel's single statement did not constitute a reason to ignore the rest of the evidence pertaining to the doctor, including a Cardiac Residual Functional Capacity Questionnaire and Interrogatories. Plaintiff contends that the Magistrate Judge further

erred by finding that the ALJ properly discredited his subjective complaints. Plaintiff asserts that the ALJ failed to make an assessment of his non-exertional impairments such as fatigue, dizziness, and shortness of breath. (Id. at 2). Plaintiff further asserts that the ALJ's reliance on his infrequent activities of daily living is legally insufficient to justify the ALJ's rejection of his subjective complaints. (Id. at 3).

Plaintiff's contention that the ALJ only discounted Dr. Goel's opinion that he was "permanently disabled" is unavailing. The undersigned first notes that while Dr. Goel's Questionnaire and Interrogatories contribute fourteen pages of evidence to the record, nine of those pages contain little relevant information other than the doctor writing "disabled" in the margins, instead of completing the analysis of Plaintiff's residual functional capacity. (Tr. at 299-302, 304-306, 308-309). Plaintiff asserts that the ALJ ignored Dr. Goel's opinion that he: was incapable of even low stress jobs, would have marked limitation of physical activities, and would constantly experience symptoms severe enough to interfere with attention and concentration. (Doc. No. 17, p. 2). Dr. Goel's opinion that Plaintiff was incapable of even low stress jobs is merely an extension of his opinion that Plaintiff was permanently disabled. This is an opinion on an issue reserved for the Commissioner, is not entitled to controlling weight or given special significance, and was properly discounted by the ALJ, as found by the Magistrate Judge in his Report. See Social Security Ruling 96-5p (Medical sources often offer opinions about an individual's ability to do any type of work, but these are administrative findings reserved to the Commissioner and are not entitled to controlling weight or given special significance). While the ALJ does not specifically discount Dr. Goel's statement that Plaintiff would have marked limitation of physical activity, the ALJ

did remark that he was discounting Dr. Goel's opinion in part because it was not consistent with the light exertional activities that Plaintiff demonstrates in activities of daily living. (Tr. at 15). These activities of daily living are clearly inconsistent with Dr. Goel's statement that Plaintiff has marked limitations of physical activity. Plaintiff notes that Dr. Goel indicated that his cardiac symptoms were constantly severe enough to interfere with attention and concentration. However, Plaintiff fails to mention that Dr. Goel completely contradicted this opinion in his Interrogatories. (Tr. at 307). Plaintiff's activities of daily living are also inconsistent with the opinion that his cardiac symptoms would constantly interfere with his attention and concentration. Accordingly, the ALJ properly discounted Dr. Goel's opinion.

Plaintiff's assertion that the ALJ failed to consider his non-exertional limitations in making his credibility determination is without merit. Plaintiff lists fatigue, dizziness, and shortness of breath as examples of his non-exertional limitations. (Doc. No. 17, p. 2). However, before finding that Plaintiff's statements concerning the occurrence, intensity, duration, and limiting effects of his symptoms were not fully credible, the ALJ specifically noted that Plaintiff alleged that he "tires easily", "is short of breath", and "becomes very dizzy when sitting or standing quickly." (Tr. at 14). It is clear that the ALJ did, in fact, assess Plaintiff's non-exertional impairments. Further, as noted by the Magistrate Judge in his Report, the ALJ did not rely solely on Plaintiff's activities of daily living to discount his subjective complaints. Thus, the ALJ properly evaluated Plaintiff's subjective complaints.

Plaintiff's Objections are without merit. The Report and Recommendation of the Magistrate Judge, as supplemented herein, is adopted as the opinion of the Court.

The decision of the Commissioner is **AFFIRMED**. Plaintiff's Complaint is **DISMISSED**. The Clerk of the Court is authorized and directed to enter the appropriate judgment of dismissal.

SO ORDERED, this 17th day of August, 2009.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA